United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-41316

FIDEL ROMERO, Next Friend of Susana Romero, a minor; ET AL

Plaintiffs,

FIDEL ROMERO, Next Friend of Susana Romero, a minor; ANDREA
ROMERO, Nest Friend of Susana Romero, a minor,

Plaintiffs-Appellants,

VERSUS

WYETH, previously known as
LEDERLE LABORATORIES, et al.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas, Texarkana

(5:02-CV-265)

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Fidel Romero and Andrea Romero, as next friends of

their minor daughter, filed suit against Wyeth, seeking damages for

permanent injuries suffered by the child after she was administered

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

a vaccine manufactured by Wyeth.[2]  Wyeth filed a motion to dismiss, arguing that Appellants' claim failed to comply with the mandatory requirements of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* (the "Vaccine Act" or the "Act").  The district court granted Wyeth's motion and Appellants timely filed the instant appeal.

The Vaccine Act was enacted by Congress "to develop new vaccines, improve existing vaccines, and compensate individuals who have been injured by vaccines routinely administered to children." Lowry ex rel. Lowry v. Sec'y of Health & Human Servs., 189 F.3d 1378, 1381 (Fed. Cir. 1999) (citing H.R. Rep. 99-908, at 1, reprinted in 1986 U.S.C.C.A.N. 6344, 6344).  This compensatory program ensures swift compensation for victims of vaccine-related injuries while protecting the nation's supply of vaccines from the costs and risks associated with traditional tort actions.  Moss v. Merck & Co., 381 F.3d 501, 503 (5th Cir. 2004); see also Lowry, 189 F.3d at 1381 (citation omitted).

While the statutory scheme provides victims' awards "quickly" and with "generosity," it also compels individuals seeking such relief to comply with the Act's no-fault compensation program.  See Lowry, 189 F.3d at 1381 (citation omitted).  One of the procedural components requires a claimant to first seek redress in the

---

[2] At the time of the alleged incident, Wyeth was known as Lederle Laboratories.  For purposes of consistency and clarity, we refer to Appellee as Wyeth.

specialized United States Court of Federal Claims (the "Vaccine Court") before attempting to obtain relief in a court of general jurisdiction. Moss, 381 F.3d at 503. Congress established that "[t]he United States Court of Federal Claims and the United States Court of Federal Claims special masters shall, in accordance with this section, have jurisdiction over proceedings to determine" if a claimant is entitled to compensation under the Vaccine Act. 42 U.S.C. § 300aa-12(a).

The decisions of the special masters are subject to review by the Court of Federal Claims. Id. § 300aa-12(e)(1). The decisions of the Court of Federal Claims are, in turn, subject to review by the United States Court of Appeals for the Federal Circuit. Id. § 300aa-12(f). Upon the issuance of a judgment, either by the Court of Federal Claims or by the Court of Appeals for the Federal Circuit on appeal, a claimant may elect to decline any award granted and pursue relief under traditional tort principles in state or federal court.[3] Id. § 300aa-21(a); see Terran ex rel. Terran v. Sec'y of Health & Human Servs., 195 F.3d 1302, 1307 (Fed. Cir. 1999) ("[T]he Vaccine Act does not preclude traditional tort remedies. A person claiming injury due to a vaccine is required to seek redress first through the Vaccine Act, but if she is not satisfied with the result, she may reject the judgment and litigate

_____

[3] Pursuing further recourse in a court of general jurisdiction is also available in the event the claimant does not prevail in either the Court of Federal Claims or the Court of Appeals for the Federal Circuit.

her claim in federal or state courts, subject to certain limitations imposed by the Vaccine Act."); <u>see</u> <u>also</u> <u>Moss</u>, 381 F.3d at 503.

In its order, the district court determined that it lacked subject matter jurisdiction over Appellants' suit because Appellants failed to file a petition in the Vaccine Court before filing their civil suit in district court. Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's order. We therefore AFFIRM the final judgment of the district court dismissing Appellants' case for the reasons stated in its order.

**AFFIRMED.**